IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

RICKY WEBSTER                                                                    PLAINTIFF

vs.                                    Civil No. 4:13-cv-04015

CAROLYN W. COLVIN                                                        DEFENDANT
Commissioner, Social Security Administration

## MEMORANDUM OPINION

Ricky Webster ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social

Security Act ("The Act"), 42 U.S.C. § 405(g) (2010), seeking judicial review of a final decision of

the Commissioner of the Social Security Administration ("SSA") denying his application for

Disability Insurance Benefits ("DIB"), Supplemental Security Income, ("SSI"), and a period of

disability under Titles II and XVI of the Act.  The parties have consented to the jurisdiction of a

magistrate judge to conduct any and all proceedings in this case, including conducting the trial,

ordering the entry of a final judgment, and conducting all post-judgment proceedings.  ECF No. 9.[1]

Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final

judgment in this matter.

1. **Background:**

Plaintiff protectively filed an application for DIB and SSI on April 20, 2010.  (Tr. 11, 121-

131).  Plaintiff alleged he was disabled due to a broken right leg and right arm, broken ribs, chipped

vertebra in back, and high blood pressure.  (Tr. 150).  Plaintiff alleged an onset date of April 1, 2010.

(Tr. 121).  These applications were denied initially and again upon reconsideration.  (Tr. 11).

---

[1] The docket numbers for this case are referenced by the designation "ECF No. ____"  The transcript pages for
this case are referenced by the designation "Tr."

Thereafter, Plaintiff requested an administrative hearing on his application and this hearing request was granted. (Tr. 66).

Plaintiff's administrative hearing was held on September 1, 2011. (Tr. 24-45). Plaintiff was present and was represented by counsel, Greg Giles, at this hearing. *Id.* Plaintiff and Vocational Expert ("VE") Jerry Hildre testified at this hearing. *Id.* At the time of this hearing, Plaintiff was forty-five (45) years old, which is defined as a "younger person" under 20 C.F.R. § 404.1563(c), and had an eleventh grade education. (Tr. 27).

On February 8, 2012, the ALJ entered an unfavorable decision denying Plaintiff's application for DIB and SSI. (Tr. 11-19). In this decision, the ALJ determined Plaintiff met the insured status requirements of the Act through December 31, 2014. (Tr. 13, Finding 1). The ALJ also determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since April 1, 2010. (Tr. 13, Finding 2).

The ALJ determined Plaintiff had the severe impairment of status post motor vehicle accident and obesity. (Tr. 13, Finding 3). The ALJ then determined Plaintiff's impairments did not meet or medically equal the requirements of any of the Listing of Impairments in Appendix 1 to Subpart P of Regulations No. 4 ("Listings"). (Tr. 14, Finding 4).

In this decision, the ALJ evaluated Plaintiff's subjective complaints and determined his RFC. (Tr. 14-18). First, the ALJ indicated he evaluated Plaintiff's subjective complaints and found his claimed limitations were not entirely credible. *Id.* Second, the ALJ determined Plaintiff retained the RFC to perform sedentary work except he cannot climb ladders, ropes and scaffolds and can only occasionally balance, stoop, kneel, crouch, and crawl. (Tr. 14, Finding 5).

The ALJ then evaluated Plaintiff's Past Relevant Work ("PRW"). (Tr. 18, Finding 6). The

ALJ found Plaintiff unable to perform his PRW.  *Id.*  The ALJ however determined there was other work existing in significant numbers in the national economy Plaintiff could perform.  (Tr. 18-19, Finding 10).  The VE testified at the administrative hearing regarding this issue.  (Tr. 42-44).  Based upon that testimony, the ALJ determined Plaintiff retained the ability to perform other work such as an optical goods assembler with 500 such jobs in the Arkansas and 100,000 such jobs in the nation, cutter and paster with 755 such jobs in the Arkansas and 136,000 such jobs in the nation, and lens inserter with 500 such jobs in the Arkansas and 100,000 such jobs in the nation.  (Tr. 19).  Given this, the ALJ determined Plaintiff had not been under a disability as defined in the Act from April 1, 2010 through the date of his decision.  (Tr. 19, Finding 11).

Thereafter, Plaintiff requested the Appeals Council review the ALJ's unfavorable decision.  (Tr. 7).  *See* 20 C.F.R. § 404.968.  The Appeals Council declined to review this unfavorable decision.  (Tr. 1-3).  On January 24, 2013, Plaintiff filed the present appeal.  ECF No. 1.  The Parties consented to the jurisdiction of this Court on February 26, 2013.  ECF No. 9.  Both Parties have filed appeal briefs.  ECF Nos. 12, 13.  This case is now ready for decision.

## 2. Applicable Law:

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole.  *See* 42 U.S.C. § 405(g) (2006); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002).  Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision.  *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001). As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have

3

supported a contrary outcome or because the Court would have decided the case differently. *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to

the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

**3. Discussion:**

In his appeal brief, Plaintiff claims the ALJ's disability determination is not supported by substantial evidence in the record. ECF No. 12, Pg. 11-20. Specifically, Plaintiff claims the ALJ erred: (1) because the decision is not supported by substantial evidence, (2) in the credibility determination of Plaintiff, (3) in the RFC determination of Plaintiff, (4) in failing to give proper treatment to the opinions of Plaintiff's treating physician, and (5) in failing to find Plaintiff met a Listing. *Id.* In response, the Defendant argues the ALJ did not err in any of his findings. ECF No. 13.

**A. Credibility Determination**

In assessing the credibility of a claimant, the ALJ is required to examine and to apply the five factors from *Polaski v. Heckler* or from 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929.[2] *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007). The factors to consider are as follows: (1) the claimant's daily activities; (2) the duration, frequency, and intensity of the pain; (3) the precipitating and aggravating factors; (4) the dosage, effectiveness, and side effects of medication; and (5) the functional restrictions. *See Polaski,* 739 at 1322.

---

[2] Social Security Regulations 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929 require the analysis of two additional factors: (1) "treatment, other than medication, you receive or have received for relief of your pain or other symptoms" and (2) "any measures you use or have used to relieve your pain or symptoms (e.g., lying flat on your back, standing for 15 to 20 minutes every hour, sleeping on a board, etc.)." However, under *Polaski* and its progeny, the Eighth Circuit has not yet required the analysis of these additional factors. *See Shultz v. Astrue,* 479 F.3d 979, 983 (2007). Thus, this Court will not require the analysis of these additional factors in this case.

The factors must be analyzed and considered in light of the claimant's subjective complaints of pain. *See id.* The ALJ is not required to methodically discuss each factor as long as the ALJ acknowledges and examines these factors prior to discounting the claimant's subjective complaints. *See Lowe v. Apfel,* 226 F.3d 969, 971-72 (8th Cir. 2000). As long as the ALJ properly applies these five factors and gives several valid reasons for finding that the Plaintiff's subjective complaints are not entirely credible, the ALJ's credibility determination is entitled to deference. *See id.*; *Cox v. Barnhart,* 471 F.3d 902, 907 (8th Cir. 2006). The ALJ, however, cannot discount Plaintiff's subjective complaints "solely because the objective medical evidence does not fully support them [the subjective complaints]." *Polaski,* 739 F.2d at 1322.

When discounting a claimant's complaint of pain, the ALJ must make a specific credibility determination, articulating the reasons for discrediting the testimony, addressing any inconsistencies, and discussing the *Polaski* factors. *See Baker v. Apfel,* 159 F.3d 1140, 1144 (8th Cir. 1998). The inability to work without some pain or discomfort is not a sufficient reason to find a Plaintiff disabled within the strict definition of the Act. The issue is not the existence of pain, but whether the pain a Plaintiff experiences precludes the performance of substantial gainful activity. *See Thomas v. Sullivan*, 928 F.2d 255, 259 (8th Cir. 1991).

In the present action, the ALJ did not perform a proper *Polaski* analysis. While the ALJ indicated the factors from 20 C.F.R. § 404.1529 and 20 C.F.R. § 416.929 had been considered (Tr. 14), a review of the ALJ's opinion shows that instead of evaluating these factors and noting inconsistencies between Plaintiff's subjective complaints and the evidence in the record, the ALJ merely reviewed the medical records and recognized the proper legal standard for assessing

credibility.[3]  In his opinion, the ALJ only made the following perfunctory statement regarding Plaintiff's subjective complaints:

> After careful consideration of the evidence, the undersigned finds that the claimant's medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not credible to the extent they are inconsistent with the above residual functional capacity assessment.

(Tr.15).

The ALJ made no specific findings regarding the inconsistencies between Plaintiff's claimed subjective complaints and the record evidence.  The ALJ must make a specific credibility determination, articulate the reasons for discrediting the Plaintiff's testimony, and address any inconsistencies between the testimony and the record.  The ALJ failed to perform this analysis.  This lack of analysis is insufficient under *Polaski*, and this case should be reversed and remanded for further consideration consistent with *Polaski*.  Upon remand, the ALJ may still find Plaintiff not disabled, however a proper and complete analysis pursuant to *Polaski* should be performed.

### B. ALJ's Treatment of Treating Physician Opinions

Social Security Regulations and case law state that a treating physician's opinion will be granted "controlling weight," provided it is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] record."  *See* SSR 96-2p; *Prosch v. Apfel*, 201 F.3d 1010, 1012-13 (8th Cir. 2000)(citing 20 C.F.R. § 404.1527(d)(2)).  An ALJ is required to give good reasons for the particular weight given to a treating physician's evaluation.  *See Prosch*, 201 F.3d at 1013 (citing 20 C.F.R § 404.1527(d)(2), and SSR 96-2p).  An ALJ may disregard the opinion of a treating physician only where other medical

---

[3] The ALJ also did not even specifically reference the *Polaski* factors which, although not required, is the preferred practice.  *See Schultz v. Astrue,* 479 F.3d 979, 983 (8th Cir. 2007).

7

assessments "are supported by better or more thorough medical evidence," or where a treating physician renders inconsistent opinions that undermine the credibility of such opinions. *Id.* at 1013 (quoting *Rogers v. Chater*, 118 F.3d 600, 602 (8th Cir. 1997), and *Cruze v. Chater*, 85 F.3d 1320, 1324-25 (8th Cir. 1996)).

On January 27, 2011, Plaintiff's treating physician, Dr. Joseph Parker completed a RFC Assessment report. (Tr. 536-538). Dr. Parker indicated Plaintiff could lift less than 10 pounds, sit less than two hours per eight-hour workday, stand and walk less than two hours per eight-hour workday, sit for only five minutes at a time before needing to change position, and stand for only five minutes at a time before needing to change position. (Tr. 536). Dr. Parker also found Plaintiff would need to lie down at unpredictable intervals during a work shift, and Plaintiff could never twist, stoop/bend, crouch, or climb stairs or ladders. (Tr. 537). Additionally, Dr. Parker found Plaintiff's ability to reach, handle, finger, feel, push, and pull was affected. (Tr. 537). Dr. Parker also indicated Plaintiff would be absent from work more than three times per month. (Tr. 538).

The ALJ stated he did not find Plaintiff as limited as did Dr. Parker in his assessment. (Tr. 17). The ALJ went on to say he gave these opinions less weight. *Id.* The ALJ gave no further analysis of why he gave this RFC assessment less weight. Further, the ALJ made no analysis of the treatment provided by Dr. Kevin McLeod, other than to incorrectly state Dr. Parker performed knee surgery on Plaintiff on August 16, 2011. (Tr. 15). It should be noted this surgery was performed by Dr. McLeod just two weeks prior to Plaintiffs administrative hearing in this matter. (Tr. 597).

The ALJ has the responsibility to determine which findings are inconsistent and which opinions should be given greater weight than other opinions. *See Brown v. Astrue,* 611 F.3d 941, 951-52. However, when an ALJ determines that a treating physician's opinion should be discounted, "he should give good reasons for doing so." *Id.* (internal quotation and citation omitted). In this

8

matter, the ALJ's complete lack of analysis and review certainly does not amount to "good reasons" for discounting Dr. Parker's findings. *See Brown,* 611 F.3d at 951-52. The ALJ has completely failed to discuss and analyze the opinions of Dr. Parker other than to say they are inconsistent with the medical record. The ALJ has also failed to analyze the effect of treatment provided by Dr. McLeod just weeks before the hearing.

Substantial evidence does not support the ALJ's decision of Plaintiff being not disabled because the ALJ failed to properly analyze the opinions of Plaintiff's treating physician, Dr. Parker and treatment of Dr. McLeod. Because the ALJ did not properly review the opinions of Plaintiff's treating physician, this case should be reversed and remanded for proper review and analysis of these opinions.

**4. Conclusion:**

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is not supported by substantial evidence and should be reversed and remanded. A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED** this **21st day of February 2014.**

/s/  Barry A. Bryant
HON. BARRY A. BRYANT
U.S. MAGISTRATE JUDGE